UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

MICHAEL DUVALL                                      CIVIL ACTION

v.                                                  NO. 15-2404

BOPCO, L.P., ET AL.                                 SECTION "F"

ORDER AND REASONS

Before the Court is BOPCO, L.P.'s partial motion to dismiss under Rule 12(b)(6).  For the reasons that follow, and in light of the plaintiff's recently amended complaints, the motion is DENIED in part as moot and DENIED in part without prejudice.

## Background

This is a personal injury case.

While working as a coil tubing operator for Pioneer Coiled Tubing Services, LLC, Michael Duvall's right hand was crushed while he was unloading a spud barge, the T.T.I.-1, owned and operated by BOPCO, L.P.  BOPCO contracted with Pro-Tow Marine, L.L.C. to provide a tow boat and personnel to equip and transport the barge for work on oil and gas production wells.  BOPCO also contracted with Eagle Consulting, L.L.C. to provide a supervisor for the barge or well repair operations.

The mechanics of the February 10, 2015 accident are alleged in the complaint as follows.  Legs of the barge are raised and lowered by two hydraulic lift motors and cables attached to the two legs of

1

the barge, which are all permanently affixed to the barge owned and maintained by BOPCO.  Legs are raised and locked by inserting a large iron pin into a hole on each leg, with the pin resting on the leg's outer casing once the leg is lowered into place.  The hydraulic lift motors are operated from a control panel centered between the two legs of the barge, approximately 20 feet from each leg.

While Duvall and two other Pioneer co-workers were attaching hoses to the split skid pump on the deck of the barge, Clifton Gaines, a Pro-Tow Marine employee, asked Duvall to assist him with raising and setting one leg of the barge by inserting the pin into the leg once the operator of the lift motor raised the leg to set it into place.  Once Gaines raised the vessel leg to its desired height through the use of the vessel's affixed hydraulic lift motor, Duvall began to insert the iron pin into the hole of the leg in an attempt to set it into place when suddenly the lift motor released, causing the vessel leg to drop in a free-fall fashion without any resistance whatsoever.  The sudden dropping of the vessel leg crushed Duvall's right hand between the iron pin and the iron edge of the leg's outer casing, crushing his right index finger and middle finger, ultimately necessitating partial amputation of his index finger and causing residual impairments and disabilities to his index and middle finger.

On June 30, 2015, Mr. Duvall sued BOPCO, Pro-Tow Marine, and

Eagle Consulting, seeking to recover in excess of $500,000 for a litany of alleged negligent acts as well as violations of general maritime law and Louisiana law.  As against BOPCO, the vessel owner, Mr. Duvall also seeks to recover under the Longshore and Harbor Worker's Compensation Act, 33 U.S.C. § 905(b).  Duvall filed a first supplemental and amending complaint, and BOPCO now seeks to dismiss 11 of the claims asserted against it on the ground that Duvall's exclusive remedy is under Section 905(b) of the Longshore and Harbor Worker's Compensation Act.  Meanwhile, Duvall has since filed a second and third supplemental and amending complaint in which he withdraws some claims and reasserts and re-styles others.

I.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Such a motion is rarely granted because it is viewed with disfavor.  See Lowrey v. Tex. A & M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (quoting Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)(citing Fed.R.Civ.P. 8).  "[T]he pleading standard Rule 8 announces does not require 'detailed

factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

In considering a Rule 12(b)(6) motion, the Court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  See Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)).  But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. Kaiser, 677 F.2d at 1050.  Indeed, the Court must first identify allegations that are conclusory and, thus, not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). A corollary: legal conclusions "must be supported by factual allegations." Id. at 678. Assuming the veracity of the well-pleaded factual allegations, the Court must then determine "whether they plausibly give rise to an entitlement to relief." Id. at 679.

"'To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009)(quoting Iqbal, 556 U.S. at 678)(internal quotation marks omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even

4

if doubtful in fact).". Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted) (citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

## II.

The Longshore and Harbor Worker's Compensation Act provides maritime workers with a method of recovery for workplace injuries. 33 U.S.C. §§ 901-950; Ne. Marine Terminal Co., Inc. v. Caputo, 432 U.S. 249, 257-65 (1977). To be eligible for coverage under the Act, a worker must meet both a situs and a status test. New

Orleans Depot Services, Inc. v. DOWCP, 718 F.3d 384, 388-89 (5th Cir. 2013)(en banc)(citations omitted).  Here, it is undisputed that, on the pleadings, Duvall satisfies both the situs test (because his alleged injury occurred on Back Levee Canal, a U.S. navigable water) and the status test (because Duvall alleges that he was loading equipment onto the T.T.I-1 at the time of his injury).  Thus, based on the allegations of his complaint, Duvall is eligible to recover under the LHWCA.

Once an injured worker meets the situs and status tests for coverage, the Act provides two types of coverage: (1) compensation benefits from his employer under Section 904; and (2) recovery for vessel negligence under Section 905(b).  33 U.S.C. §§ 904, 905(b). For the purposes of BOPCO's motion, Duvall asserts only vessel negligence against BOPCO.  Notably, "[t]he remedy provided in this subsection shall be exclusive of all other remedies against the vessel except remedies available under this chapter."  33 U.S.C. § 905(b).  The parameters of vessel negligence under Section 905(b) is limited to the breach of specific duties described by the U.S. Supreme Court in Scindia Steam Navigation Co., Ltd. v. De Los Santos, 451 U.S. 156 (1981).  See Levene v. Pintail Enter., Inc., 943 F.2d 528, 533 (5th Cir. 1991)(explaining that Scindia construes Section 905(b) as imposing three substantive duties upon a vessel: (1) the turn-over duty; (2) the control duty; and (3) the duty to intervene).

BOPCO seeks dismissal of the following claims on the ground that they are outside the scope of <u>Scindia</u>'s gloss on Section 905(b), Duvall's exclusive remedy:  (1) failure to utilize proper and safe equipment for raising and lowering barge legs; (2) breach of legally imposed duty of care resulting in Duvall's injuries; (3) failure to provide a reasonably safe place to work; (4) failure to provide a seaworthy vessel; (5) negligence of BOPCO's agents; (6) failure to properly supervise employees; (7) failure to properly maintain vessel; (8) failure to provide proper and safe equipment and properly trained personnel; (9) failure to comply with hydraulic lift manufacturer's recommendations and operating procedures; (10) failure to conduct adequate inspections, maintenance, and repairs to the vessel and its equipment; and (11) violation of applicable safety policies, procedures, and regulations.

The Court need not resolve the parties' dispute concerning which of Duvall's claims alleged in his first amended complaint are plausible under <u>Scindia</u>.  Since BOPCO's partial motion to dismiss was filed, Duvall has filed a second supplemental and amending complaint in which he no longer pursues the following claims that BOPCO now seeks to dismiss: (1) failure to provide a seaworthy vessel; (2) negligence of defendants' agents; (3) failure to supervise employees; (4) failure to properly maintain the vessel; (5) failure to provide proper and safe equipment and adequate,

properly trained personnel to do the job; (6) failure to comply with hydraulic lift motor manufacturer's recommendations and operating procedures; (7) failure to conduct adequate inspections, maintenance, and repairs on its vessel and affixed equipment so as to prevent dangerous conditions; (8) violation of applicable safety policies, procedures, and regulations; and (9) other acts of negligence to be proven at trial.  Insofar as the plaintiff has withdrawn these claims in his second amended complaint, BOPCO's partial motion to dismiss as to these claims is DENIED as moot.  Insofar as BOPCO now seeks to dismiss additional claims, which have been reasserted or re-styled in Duvall's second supplemental and amending complaint, the motion is DENIED without prejudice.  BOPCO has already filed a partial motion to dismiss these other claims asserted in Duvall's second supplemental and amending complaint; that motion is presently set for hearing on October 14, 2015.[1]

Accordingly, IT IS ORDERED: that BOPCO's first partial motion to dismiss under Rule 12(b)(6) is DENIED in part as moot (as to those claims withdrawn by the plaintiff in his second amended complaint) and DENIED in part without prejudice (as to those claims pursued or re-styled by the plaintiff in his second amended complaint, which are the subject of BOPCO's motion to dismiss set

---

[1] The Court notes that, since BOPCO has filed a partial motion to dismiss certain claims asserted in the second amended complaint, Duvall has filed a third amended complaint. It seems timely to remind all parties of the mandate of 28 U.S.C. § 1927.

for hearing on October 14, 2015).

New Orleans, Louisiana, September 30, 2015

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE